UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-378-FDW

| WALTER TIMOTHY GAUSE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| ANDREW MURRAY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. (Doc. No. 1). Plaintiff has filed an application to proceed in forma pauperis. (Doc. No. 2). Also pending is Plaintiff's Motion to Serve Defendant Tort Claim Notice. (Doc. No. 4).

Before addressing Plaintiff's claims, the Court notes that it has considered Plaintiff's inmate trust fund account statement and finds that Plaintiff has no funds or inadequate funds available from which to assess an initial partial filing fee. See (Doc. No. 3). Therefore, the payment of an initial partial filing fee is waived. However, Plaintiff is still liable for the full filing fee and is directed to pay this fee by monthly payments in accordance with this order. In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of North Carolina until the statutory fee of $350.00 is paid in full.

**I.     BACKGROUND**

Pro se Plaintiff Walter Timothy Gause is a prisoner of the State of North Carolina,

1

currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff was convicted on February 21, 2014, in Mecklenburg County Superior Court of robbery with a dangerous weapon, and he was sentenced to 22 years in prison.

Plaintiff filed this action on July 10, 2018, pursuant to 42 U.S.C. § 1983, naming the following four persons as Defendants: (1) Andrew Murray, identified as the district attorney for Mecklenburg County; (2) Michael Chin, identified as an assistant district attorney for Mecklenburg County; (3) Glen Cole, identified as an assistant district attorney for Mecklenburg County; and (4) Curtis Dreggens, identified as a detective with the Mecklenburg County Police Department. (Doc. No. 1 at 3). Plaintiff appears to be bringing a claim against Defendants for wrongful conviction and prosecutorial misconduct, asserting the following factual allegations in his "Statement of Claim":

> Each Defendant. Judicial courts prosecutor and [detective] of law enforcement dept. upon misconduct collusion and constitution[al] violation. Mr. Gause civil liberty right conspiracy. And injury Mr. Gause. By fraud on court, and fraudulent misrepresentation of evidence, at trial, result in unlawful wrongful unconstitutional conviction, false imprisonment, and edit and tamper with video surveillance, entry at trial cause[d] a fundamental miscarriage of justice, due to fraud intrinsic extrinsic [unintelligible] perjury.

(Id. at 3-4). For relief, Plaintiff seeks, among other things, $100 million in damages against Defendants and an order overturning his conviction. (Id. at 4-5).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

2

redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

3

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Therefore, his claims are barred by Heck.[1]

## IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

3. Plaintiff's Motion to Serve Defendant Tort Claim Notice, (Doc. No. 4), is **DENIED** as moot.

4. The Clerk is directed to close this case.

5. The Clerk is respectfully instructed to mail this order to Tabor Correctional Institution, 4600 Swamp Fox Hwy West, Tabor City, NC 28463, and to the North Carolina Department of Public Safety, 831 W. Morgan St., Raleigh, NC 27603.

Signed: July 12, 2018

_____
Frank D. Whitney
Chief United States District Judge

---

[1] In addition to the fact that Plaintiff's claims are Heck-barred, various Defendants are subject to dismissal for other reasons. That is, district attorney Murray and assistant district attorneys Chin and Cole are entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409 (1976).